**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**RONALD E. PARKER,**                                                                                       **PLAINTIFF**
**ADC #129702**

**V.**                              **CASE NO.: 2:11CV00022 SWW/BD**

**MOSES JACKSON, III**                                                                                   **DEFENDANT**

**RECOMMENDED DISPOSITION**

**I.     Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright.  Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believe to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

    Mail your objections and "Statement of Necessity" to:

        Clerk, United State District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite A149
        Little Rock, AR 72201-3325

## II. Background

Plaintiff Ronald Parker, an inmate housed at the Arkansas Department of Correction ("ADC"), filed a complaint (docket entry #1) on January 31, 2011, alleging that Defendant Jackson sexually assaulted him on three occasions in August, 2010.

Defendant Jackson has filed a motion for summary judgment (#51), alleging Mr. Parker failed to fully exhaust his administrative remedies. Alternatively, Defendant Jackson asserts that Mr. Parker will not be able to establish a prima facie case of excessive force. In response, Mr. Parker repeats his claim that Defendant Jackson pepper-sprayed and sexually assaulted him. (#57) For the following reasons, summary judgment should be granted and the claims should be dismissed without prejudice.

## III. Discussion

    A.    *Summary Judgment Standard*

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party

must go beyond the pleading and, by deposition, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005)(internal citation omitted) ("The nonmoving party may not rest on mere allegation or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.") If the opposing party fails to show that there are specific, important facts in dispute, summary judgment should be granted. See *Celotex*, 477 U.S. at 322.

B.   *Exhaustion*

The Prison Litigation Reform Act of 1995 ("PLRA") requires prisoners to exhaust all "available" remedies before filing suit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained"). For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). If exhaustion is not complete by the time a lawsuit is filed, the Court must dismiss it. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that

does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S.199, 127 S.Ct. 910, 923 (2007); see also *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2385 (2006).

In *Jones*, the Supreme Court clarified that "the level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 127 S.Ct. at 923.

Administrative Directive 09-01 contains the ADC Grievance Procedure in effect when the incident giving rise to this lawsuit occurred. (#53-1) According to ADC 09-01, an inmate grievance must include a brief statement that is specific to the substance of the issue or complaint, and it must specifically include the names of each individual involved so that officials can conduct an investigation. (#53-1 at p. 5) A Unit Level Grievance Form should address only one issue. The ADC will not consider any additional issues included in the grievance. (#53-1 at p. 5)

Mr. Parker filed four grievances in the month of August, 2010, that identified Defendant Jackson. (#53, ¶12) Two of those grievances, EAM-10-3000 and EAM-10-3143, alleged some form of sexual misconduct. (#53, ¶28 and ¶33)

In EAM-10-3000, which was filed on August 8, 2010, Mr. Parker alleged that on August 2, 2010, at around 2:45 p.m., Defendant Jackson called Mr. Parker into his office and questioned him about an allegation that Mr. Parker had engaged in sex with another

inmate. (#53-10 at p. 9) Mr. Parker alleged that during this meeting Defendant Jackson sexually harassed him by saying, "I like your style, I like your flavor, I wish I could get some of that too," and stared at Mr. Parker's buttocks following the statement. (#53-10 at p. 10) Mr. Parker did not allege that Defendant Jackson pepper-sprayed or sexually assaulted him.[1]

Grievance EAM-10-3000 was not fully exhausted. The time allowed for appeal expired, and Mr. Parker failed to send all proper attachments. (#53-10 at p.11) Mr. Parker attempted to resubmit EAM-10-3000, but Chief Deputy Director, Dr. Larry D. May, received and rejected this grievance on October 1, 2010, and again on October 29, 2010. (#53-10 at p. 12) Even if Mr. Parker had fully exhausted this grievance, it did not concern the sexual assault allegations made in this lawsuit.

Mr. Parker filed EAM-10-3143 at 6:30 p.m. on August 14, 2010. (#53-10 at p. 31) In EAM-10-3143, Mr. Parker alleged virtually identical facts as in EAM-10-3000, but added that Defendant Jackson's alleged sexual propositions were causing Mr. Parker physical and emotional pain. (#53-10 at p. 31) Mr. Parker fully exhausted Grievance EAM-10-3143 with respect to the allegation that Defendant Jackson sexually propositioned him on August 2, 2010. (#53-10 at pp. 33-39) This grievance, however, did not contain the allegation of sexual assault at issue here.

---

[1] In his appeal from the Warden's decision, Mr. Parker stated that Defendant Jackson pepper-sprayed him in the face. (#53-10 at pp. 15-17) Mr. Parker did not raise this allegation in his original grievance. (#53-10 at pp. 14-15)

Barbara Williams, the Inmate Grievance Supervisor for the ADC, states that Mr. Parker did not exhaust any grievances in which he alleged Defendant Jackson had inappropriately touched him, forced him to perform oral sex, or sexually assaulted him. (#53-10 at pp. 1-2) Mr. Parker's response (#57) does not contradict Defendant Jackson's assertion that Mr. Parker failed to exhaust his administrative remedies.

C.   *Allegations*

In the complaint and in his deposition, Mr. Parker alleged that Defendant Jackson pepper-sprayed him and forced him to perform oral sex on him. (#53-2 at pp. 13-14, 18) During an internal affairs investigation on March 4, 2011, Mr. Parker admitted he lied about the sexual assault allegations against Defendant Jackson. (#53-17) Mr. Parker received a disciplinary for making the allegations. (#53-20 at p. 14)

Mr. Parker confirmed during his deposition that he had informed Internal Affairs that the allegations that he had made against Defendant Jackson were not true. (#53-20 at p. 14) Mr. Parker's counsel withdrew from this case because Mr. Parker admitted under oath that he had lied about the central allegation in the case. (#55) Nevertheless, Mr. Parker certified under penalty of perjury that the alleged sexual assault actually happened. (#1 and #57) For this reason, the Court recommends dismissal for failure to exhaust rather than on Defendant Jackson's alternate ground, that is, that Mr. Parker cannot establish a prima facie case of excessive force.

## IV.     Conclusion

Mr. Parker did not exhaust a grievance related to his sexual assault claim. Accordingly, the Court recommends that the motion for summary judgment (#51) be GRANTED, and that Mr. Parker's claims be DISMISSED, without prejudice.

DATED this 6th day of December, 2012.

_____
UNITED STATES MAGISTRATE JUDGE